J. BRUCE ALVERSON, ESQ.
Nevada Bar No. 1339
KARIE N. WILSON, ESQ.
Nevada Bar No. 7957
**ALVERSON TAYLOR & SANDERS**
6605 Grand Montecito Pkwy, Ste. 200
Las Vegas, NV 89149
702-384-7000 Phone
702-385-7000 Fax
Attorneys for Defendants

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| WARREN WAYNE SHERUM,<br><br>Plaintiff,<br><br>v.<br><br>ERIC JOHN BLOODSAW, JR.; LANDSTAR RANGER, INC.; DOES I through X, inclusive and ROE CORPORATIONS I through X, inclusive<br><br>Defendants. | CASE NO:<br><br>**DEFENDANTS' NOTICE OF REMOVAL** |

TO:   DEBRA KEMPI, Clerk, United States District Court for the District of Nevada

PLEASE TAKE NOTICE that Defendants ERIC JOHN BLOODSAW, JR. and LANDSTAR RANGER, INC. hereby remove to this Court the state court action entitled "WARREN WAYNE SHERUM," Plaintiff v. ERIC JOHN BLOODSAW, JR.; LANDSTAR RANGER, INC.; DOES I through X, inclusive, and ROE CORPORATIONS I through X, inclusive," Case No. CV22-00676 filed in the Second Judicial District Court for Washoe County, Nevada. A copy of the Complaint is attached hereto as Exhibit A.  The grounds for removal are:

. . .

. . .

1

KNW 27759

1.     This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 and 28 U.S.C. §§ 1441(a)-(c), in that it is a civil action between Plaintiff, a citizen of Nevada, Defendants who are citizens of diverse residency, none of which reside in Nevada, and the matter in controversy exceeds $75,000.00, exclusive of interest and costs, as set forth below.

2.     Based upon information and belief, Plaintiff WARREN WAYNE SHERUM is a citizen of the State of Nevada. *See* Complaint ¶ 1.

3.     Defendant ERIC JOHN BLOODSAW, JR. is a resident of the State of Louisiana.

4.     Defendant LANDSTAR RANGER, INC. is a corporation incorporated in the State of Delaware, with its principal place of business in Jacksonville, Florida.

5.     The Defendants sued as DOES I through X, inclusive and ROE CORPORATIONS I through X, inclusive, are fictitious parties and not relevant to the determination of subject matter jurisdiction. *See* 28 U.S.C. § 1441(a) (stating "For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded").

6.     Based upon information and belief, the amount in controversy, exclusive of interest and costs, exceeds $75,000.00. Upon information and belief, Plaintiff WARREN WAYNE SHERUM is alleging to have sustained severe and permanent injury. Plaintiff has alleged both past and future damages including medical treatment and pain and suffering and has identified past medical specials to date exceeding the $75,000 threshold for jurisdiction. *See* Complaint ¶ 20.

. . .

. . .

. . .

KNW 27759

7. Venue is appropriate in this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a)-(b) and Local Rule 8-1. This action was originally filed in the Second Judicial District for the State of Nevada, Washoe County.

8. This notice of removal is timely filed within thirty (30) days after receipt of the paper that makes this case removable as required by 28 U.S.C. § 1446(b), in that it is filed within thirty (30) days of the Summons and Complaint which was filed on April 28, 2022, served upon Defendant Landstar Ranger, Inc. on May 5, 2022, and served upon Defendant Eric John Bloodsaw, Jr. on May 10, 2022.

9. Pursuant to 28 U.S.C. 1446(d), Defendants have prepared and will file with the Clerk of the Second Judicial District Court a Notice of Removed Action.

Dated this 17th day of May 2022.

ALVERSON TAYLOR & SANDERS

_____
J. BRUCE ALVERSON, ESQ.
Nevada Bar No. 1339
KARIE N. WILSON, ESQ.
Nevada Bar No. 7957
6605 Grand Montecito Pkwy, Ste. 200
Las Vegas, NV 89149
702-384-7000 Phone
702-385-7000 Fax
Attorneys for Defendants

KNW 27759

## CERTIFICATE OF ELECTRONIC SERVICE

I certify that on the 17th day of May 2022, service of the above and foregoing **DEFENDANTS' NOTICE OF REMOVAL** was made by electronically filing a true and correct copy of the same to each party addressed as follows:

_____
Employee of ALVERSON TAYLOR & SANDERS

k:\z-client\27759\pleadings\notc removal.docx

EXHIBIT A

FILED
Electronically
CV22-00676
2022-04-28 11:51:57 AM
Alicia L. Lerud
Clerk of the Court
Transaction # 9022025 : csulezic

**1425**
JOHN B. GREENE, ESQ.
Nevada Bar No. 004279
ROBERT D. VANNAH, ESQ.
Nevada Bar No. 002503
**GOLIGHTLY & VANNAH, PLLC**
5555 Kietzke Lane, Suite 150
Reno, Nevada 89511
Telephone (775) 222-3333
*Attorneys for Plaintiff*

## IN THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA IN AND FOR THE COUNTY OF WASHOE

| | |
|---|---|
| WARREN WAYNE SHERUM,<br><br>Plaintiff,<br><br>vs.<br><br>ERIC JOHN BLOODSAW, JR.; LANDSTAR RANGER, INC.; DOES I through X, inclusive, and ROE CORPORATIONS I through X, inclusive,<br><br>Defendants. | CASE NO.:<br>DEPT NO.:<br><br>**COMPLAINT** |

Plaintiff WARREN WAYNE SHERUM (Plaintiff), by and through his undersigned counsel, ROBERT D. VANNAH, ESQ., and JOHN B. GREENE, ESQ., of **GOLIGHTLY & VANNAH, PLLC**, and for his causes of action against Defendants, complains and alleges as follows:

I.

### IDENTIFICATION OF THE PARTIES AND JURISDICTION

1. At all times relevant herein, Plaintiff was, and is, a resident of Reno, Nevada.

2. Plaintiff is informed, and believes, and thereupon alleges, that at all relevant times, Defendant LANDSTAR RANGER, INC. (EMPLOYER) is foreign corporation organized under and existing by certain laws of Delaware, and was licensed and/or doing business in Nevada.

1

3. Plaintiff is informed, and believes, and thereupon alleges, that Defendant ERIC JOHN BLOODSAW, JR. (DRIVER), individually and as an agent of EMPLOYER, and/or certain ROE Corporation Defendants, was a resident of Jonesville, LA, acting within the course and scope of his employment with EMPLOYER delivering products on behalf of EMPLOYER, and/or certain ROE Corporation Defendants, to commit the acts alleged in this Complaint. At times, EMPLOYER and DRIVER are referred to as Defendants.

4. All relevant facts and claims occurred in Churchill County and Plaintiff seeks damages in excess of $15,000.

5. The true names and capacities, whether individual, corporate, associate, or otherwise of DOE Defendants I through X, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes, and thereupon alleges, that each of the Defendants designated as a DOE Defendant is responsible in some manner for the events and happenings described herein, namely, was the driver and/or owner of the 2015 International Truck Tractor (VIN 3HSDJAPR0FN023312) that collided with Plaintiff, as alleged in this Complaint. As such, Plaintiff will seek leave of the Court to amend this Complaint to insert the true names and capacities of said Defendants as they become identified and known to Plaintiff.

6. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants ROE Corporations XI through XX, are unknown to Plaintiff, who therefore sues said defendants by such fictitious names. Plaintiff is informed and believes, and thereupon alleges, that each of the Defendants designated as a ROE Corporation is responsible in some manner for the events and happenings described herein, such as employing and/or directing DRIVER to deliver products on their behalf. As such, Plaintiff will seek leave of this Court to amend this Complaint to insert the true names and capacities of said Defendants as they become identified and known to Plaintiff.

2

7. DOES I through V and/or ROE Corporations XI through XV are Defendants and/or employers of named and/or unnamed Defendants who may be liable in negligence generally, or pursuant to N.R.S. 41.130, which states:

> [e]xcept as otherwise provided in N.R.S. 41.745, whenever any person shall suffer personal injury by wrongful act, neglect or default of another, the person causing the injury is liable to the person injured for damages; and where the person causing the injury is employed by another person or corporation responsible for his conduct, that person or corporation so responsible is liable to the person injured for damages.

8. Plaintiff alleges that one or more ROE Corporation Defendants may have contracted with, hired, employed, trained, supervised, and/or retained DRIVER, and/or provided employees to EMPLOYER.

## II.

### GENERAL ALLEGATIONS

9. Plaintiff hereby repeats and realleges Paragraphs 1 through 8 of this Complaint as though fully set forth herein.

10. On or about December 17, 2020, Plaintiff was stopped behind another stopped vehicle at a stop sign in an active work zone on northbound US95.

11. At the same time, DRIVER, on behalf of EMPLOYER, was delivering products on behalf of EMPLOYER, and was travelling northbound on US95 approaching Plaintiff, the stopped vehicles, and the stop sign.

12. DRIVER then failed to use due care, failed to yield or stop for the stopped traffic or the stop sign, attempted to veer to the right, and thereafter collided with the Plaintiff's vehicle.

13. Plaintiff suffered injuries as a result of the December 17, 2020, collision.

14. Plaintiff is informed, believes, and thereupon alleges that at the date and time of the collision on December 17, 2020, DRIVER was driving a vehicle owned by, and/or on behalf of, EMPLOYER, and/or ROE Corporations.

15. Plaintiff is informed, believes, and thereupon alleges that on or about December 17, 2020, EMPLOYER, and/or ROE Corporation Defendants I through X, instructed and allowed DRIVER to drive the subject vehicle on behalf of EMPLOYER.

### III.

### FIRST CAUSE OF ACTION
### (Negligence Against All Defendants)

16. Plaintiff hereby repeats and realleges Paragraphs 1 through 15 of this Complaint as though fully set forth herein.

17. Plaintiff is informed, believes, and thereupon alleges that Defendants owed Plaintiff multiple duties to use reasonable care and diligence in the performance of various functions and acts. Such duties to use reasonable care and diligence owed to Plaintiff by Defendants include, but are not limited to: the duty to use reasonable care and diligence in the hiring, training, supervising, and retention, of those employed that drive Defendants' vehicles; the duty to use reasonable care and diligence in allowing others to drive Defendants' vehicles; the duty to use reasonable care and diligence in the operation of, and authorization to drive, a vehicle; and, the duty to use reasonable/due care and diligence in making the public roadways reasonably safe for other users of the roadways.

18. Defendants breached their duties to Plaintiff when they negligently and carelessly performed various functions and acts, including, but not limited to, failing to properly use reasonable care and diligence in the hiring, training, supervision, and retention, of those employed that drive Defendants' vehicles; failing to use reasonable care and diligence in allowing others to drive Defendants' vehicles; negligent operation of, and negligent authorization to drive, a motor vehicle; and, failing to use reasonable/due care in the operation of the subject vehicle and their lack of diligence in making the public roadways reasonably safe for other users of the roadway.

19. Plaintiff is informed, believes, and thereupon alleges that Defendants knew or should have known through the exercise of reasonable care that the negligent and unsafe manner of the

4

authorization to drive, and the operation of, the vehicle, posed a risk to the public safety, and could result in a motor vehicle collision.

20. As a direct and proximate result of the negligence and carelessness of Defendants, Plaintiff was severely and permanently injured. Plaintiff has incurred medical bills, and endured pain and suffering, worry, anxiety, emotional distress, as well as the loss of enjoyment of life. Plaintiff will continue to endure said losses and damages for an indefinite period of time in the future, in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

21. That as a further direct and proximate result of the negligence of Defendants, Plaintiff has lost time from his usual occupation, and will lose time from his usual occupation in the future. In addition, Plaintiff has suffered a loss of earning capacity, and his work life expectancy will be shortened.

22. Plaintiff has been required to retain legal counsel to prosecute this action, and is therefore entitled to reasonable attorney fees and costs of suit incurred in this action.

### IV.

### SECOND CAUSE OF ACTION
(Vicarious Liability against EMPLOYER and/or
ROE Corporation Defendants I through X)

23. Plaintiff hereby repeats and realleges Paragraphs 1 through 22 of this Complaint as though fully set forth herein.

24. When the subject accident occurred, DRIVER was acting in the course and scope of his employment with EMPLOYER and/or ROE Corporation Defendants I through X, thereby making Defendants vicariously and legally responsible for the negligent acts of their officers, agents, servants, employees, and/or representatives, under the doctrine of *Respondeat Superior*, as outlined in common law, and under NRS 41.130, where applicable.

25. Whenever it is alleged in this Complaint that EMPLOYER, and/or ROE Corporation Defendants I through X, did any act or thing, it is meant that such Defendant's officers, agents,

5

servants, employees, or representatives, including, but not limited to, DRIVER and/or DOE Defendants I through X, did such act or thing and at the time such act or thing was done, it was done with full authorization or ratification of EMPLOYER, and/or ROE Corporation Defendants I through X, or was done in the normal and routine course and scope of business, or with the actual apparent and/or implied authority of such Defendant's officers, agents, servants, employees, and/or representatives.

26. As a direct and proximate result of the negligence of Defendants, and/or ROE Corporation Defendants I through X, Plaintiff was severely and permanently injured. Plaintiff has incurred medical bills, and endured pain and suffering, worry, anxiety, emotional distress, as well as the loss of enjoyment of life. Plaintiff will continue to endure said losses and damages for an indefinite period of time in the future, in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

27. That as a further direct and proximate result of the negligence of Defendants, Plaintiff has lost time from his usual occupation, and will lose time from his usual occupation in the future. In addition, Plaintiff has suffered a loss of earning capacity, and his work life expectancy will be shortened.

28. Plaintiff has been required to retain legal counsel to prosecute this action, and is therefore entitled to reasonable attorney fees and costs of suit incurred in this action.

## V.
## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment as against Defendants, each of them, for each and every cause of action, as follows:

1. Compensatory damages in excess of $15,000.00;

2. Costs of suit and attorney's fees incurred herein;

3. Pre-judgment and post-judgment interest, as allowed by law; and,

4. For such other and further relief as the Court may deem appropriate.

6

## Affirmation

## Pursuant to NRS 239B.030

The undersigned does hereby affirm that the preceding document, Complaint, filed in case number unknown, does not contain the social security number of any person.

DATED this 28th day of April, 2022.

GOLIGHTLY & VANNAH, PLLC

*/s/ signature/*

ROBERT D. VANNAH, ESQ.
Nevada Bar No. 002503
JOHN B. GREENE, ESQ.
Nevada Bar No. 004279
5555 Kietzke Lane, Suite 150
Reno, Nevada 89511
Attorneys for Plaintiff